# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RODNEY HUFFMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-CV-02274 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| DISH NETWORK, LLC, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

RODNEY HUFFMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DISH NETWORK, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Bartlett, Tennessee.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at 9601 S. Meridian Blvd., Englewood, Colorado, 80112.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number (901-830-****) that he has had for over a year.

10. Plaintiff has only used this number as a cellular telephone number.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Beginning in or before January 2015 and continuing through March 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis using numbers including 800-333-3474. The undersigned has confirmed this number belongs to Defendant.

13. Between January 2015 and March 2015, Defendant called Plaintiff on his cellular telephone, on average, once a day.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Plaintiff received automated messaged that indicated the name of Defendant's company.

16. Defendant's telephone calls were not made for "emergency purposes" rather the calls were made to collect on a debt related to cable equipment.

17. In January 2015 when the calls first began Plaintiff told Defendant the debt was discharged in his 2013 ankruptcy and to stop calling him.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

19. Despite the above, Defendant ignored Plaintiff's demand that calls cease, and persisted in calling Plaintiff on his cellular telephone through March 2015.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, after January 2015, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RODNEY HUFFMAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RODNEY HUFFMAN, demands a jury trial in this case.

Respectfully submitted;

DATED: August 21, 2015			By: /s/ Amy Lynn Bennecoff Ginsburg
					Amy Lynn Bennecoff Ginsburg
					BPR # 28563
					Kimmel & Silverman, P.C.
					30 E. Butler Pike
					Ambler, PA 19002
					Phone: (215) 540-8888
					Fax: (877) 788-2864
					Email: abennecoff@creditlaw.com

5

PLAINTIFF'S FIRST AMENDED COMPLAINT