# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|   |   |   |
|---|---|---|
| RODNEY B. HUFFMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:15-cv-02274-JPM-tmp |
| DISH NETWORK, LLC, | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment, filed April 29, 2016. (ECF No. 25.) For the following reasons, the Motion is GRANTED.

## I. BACKGROUND

### A. Factual Background

Plaintiff Rodney B. Huffman is a former customer of Dish Network, LLC ("Dish"), having executed a DISH'n It Up Plan Agreement ("Service Agreement") with Defendant on June 30, 2012. (Ex. A, Montano Aff. at PageID 124-25, ECF No. 25-3; Ex. B, Service Agreement at PageID 128, ECF No. 25-4; Statement of Undisputed Facts ("SUF") ¶ 3, ECF No. 25-2; Pl.'s Resp. to Statement of Undisputed Facts ("Resp. to SUF") ¶ 3, ECF No. 27-2.) Plaintiff used a cellular telephone with the number 901-830-6255 ("the 6255 number") as part of a paid subscription to

AT&T cellular service. (Ex. C, AT&T Subscriber Information at PageID 131, ECF No. 25-5; Ex. D, Pl.'s Resp. to Def.'s Interrogatories at PageID 134, ECF No. 25-6; SUF ¶ 5, ECF No. 25-2; Resp. to SUF ¶ 5, ECF No. 27-2.) In executing the Service Agreement, Plaintiff granted Defendant permission to contact him at 901-385-9002; the 6255 number does not appear in the Service Agreement. (Ex. B, Service Agreement at PageID 128-129, ECF No. 25-4; Resp. to SUF ¶¶ 18-19, ECF No. 27-2; Def.'s Reply to Pl.'s Resp. to SUF ¶¶ 5-6, ECF No. 28-1.) During a phone call between the parties on January 5, 2015 ("January 5 call"), Plaintiff provided Defendant with the 6255 number "[i]n case we get disconnected." (Ex. J, Audio Recording: January 5 call (on file with the Court), ECF No. 25-12; Tr. of January 5 call at PageID 756, ECF No. 25-13; Resp. to SUF ¶¶ 20-21, ECF No. 27-2; Def.'s Reply to Pl.'s Resp. to SUF ¶¶ 7-8, ECF No. 28-1.)

A telephone number used by Defendant, 800-333-3474 ("the 3474 number"), appears only twice in Plaintiff's AT&T cellular phone service call records between January 1, 2015, and March 30, 2015. (Ex. E, Pl.'s Production of AT&T Records at PageID 150-51, ECF No. 25-7; Ex. F, AT&T Records (DISH Subpoena) at PageID 329-30; Ex. G, AT&T Records Key at PageID 737; SUF ¶¶ 7-9, ECF No. 25-2; Min. Entry, ECF No. 32.) In both of these instances, the call records reflect that Plaintiff initiated the call from the 6255 number to Dish's 3474 number. (Ex. E, Pl.'s

Production of AT&T Records at PageID 150-51, ECF No. 25-7; Ex. F, AT&T Records (DISH Subpoena) at PageID 329-30; Ex. G, AT&T Records Key at PageID 737; SUF ¶¶ 7-9, ECF No. 25-2; Min. Entry, ECF No. 32.)[1] Plaintiff nevertheless maintains that he received automated telephone calls from an entity Dish Network between January 1, 2015, and March 30, 2015. (Ex. A, Huffman Decl. ¶¶ 2-7, ECF No. 27-3.)[2]

B. **Procedural Background**

Plaintiff filed a Complaint pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") on April 24, 2015. (Compl., ECF No. 1.) Defendant filed its Answer on July 3, 2015. (Answer, ECF No. 13.) With leave of the Court, Plaintiff filed an Amended Complaint on August 28, 2015. (Am. Compl., ECF No. 21.) Defendant filed an Answer to Plaintiff's Amended Complaint on September 14, 2015. (Answer to Am. Compl., ECF No. 22.)

Defendant filed a Motion for Summary Judgment on April 29, 2016. (ECF No. 25.) Plaintiff filed a Response to Defendant's

---

[1] Although Dish Network's internal call records also do not show any outgoing calls to Plaintiff's 6255 number, the Court declines to consider these records as they were not properly authenticated. See Fambrough v. Wal-Mart Stores, Inc., 611 F. App'x 322, 326 (6th Cir. 2015).

[2] At the hearing on the instant motion, Plaintiff's counsel conceded that Plaintiff only HAS personal knowledge that an entity purporting to be Dish Network called him at the 6255 number, and that Plaintiff stored the inbound number in the native contacts database on his cellular phone as "Dish Network." Thus, to the extent that Plaintiff states in his affidavit that he knew the entity dialing him "was Dish each time as its name would appear on the caller ID," the caller identification merely reflects Plaintiff's belief that the entity calling him was Dish Network. (Ex. A, Huffman Decl. ¶ 5, ECF No. 27-3.) In other words, Plaintiff does not have personal knowledge that he was, in fact, receiving calls from Dish Network. (See id.)

3

Motion for Summary Judgment on May 13, 2016. (ECF No. 27.) On May 20, 2016, Defendant filed a reply brief. (ECF No. 28.) The Court held a hearing on the Motion for Summary Judgment on July 11, 2016. (Min. Entry, ECF No. 32.)

**II. LEGAL STANDARD**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp., 477 U.S. at 323).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d

4

at 448-49 (citing Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)); see also Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex Corp., 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v.

5

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)) (internal quotation marks omitted).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008)). "'[J]udges are not like pigs, hunting for truffles' that might be buried in the record." Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) (alteration in original) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Anderson, 477 U.S. at 251–52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle

v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 251).

**III. ANALYSIS**

Defendant argues that it is entitled to summary judgment because Plaintiff has not established that Defendant made any phone call to Plaintiff's 6255 number from the 3474 number or any other number. (ECF No. 25-1 at 2.) Defendant argues that, therefore, Plaintiff cannot establish an essential element of his TCPA claim. (Id. at 7-8.) Defendant also argues that it is entitled to summary judgment because, even if Plaintiff could establish that Defendant made a call in violation of the TCPA, Plaintiff gave Defendant permission to make automated calls to the 6255 number. (Id. at 8-10.) Plaintiff argues that his sworn affidavit and his Responses to Interrogatories, both based on his personal knowledge, are adequate to show that there is a genuine dispute of material fact as to whether Defendant called him. (ECF No. 27-1 at 12-15.) Additionally, Plaintiff contends that the Service Agreement did not permit Defendant to make automated calls to the 6255 number, which was not provided in the Service Agreement, and that Plaintiff nevertheless revoked that consent when he told Defendant to stop calling him. (Id. at 8-12.)

The Telephone Consumer Protection Act ("TCPA") provides, in relevant part, that:

> It shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii). Thus, to establish a claim pursuant to TCPA in the Sixth Circuit, a plaintiff must prove that the defendant made a prohibited phone call. Keating v. Peterson's Nelnet, LLC, 615 F. App'x 365, 370 (6th Cir. 2015) (citing 47 U.S.C. § 227(b)(1)(A)(iii)); Yount v. Midland Funding, LLC, No. 2:14-CV-108, 2016 WL 554851, at *7 (E.D. Tenn. Feb. 10, 2016); Pugliese v. Prof'l Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010) (citing 42 U.S.C. § 227(b)(1)(A)); see also Strand v. Corinthian Colls., Inc., No. 1:13-CV-1235, 2014 WL 1515494, at *2 (W.D. Mich. Apr. 17, 2014) ("a defendant is liable for a violation of § 227(b)(1) when it: (1) makes a call; (2) using (a) an automatic dialing system, or (b) a prerecorded or artificial voice; (3) to a telephone number assigned to a cellular telephone"). Summary judgment is, therefore, appropriate when a plaintiff fails to establish that the defendant made a prohibited phone call to a plaintiff's cellular telephone. See Harper v. Credit Control Servs., Inc., 863 F. Supp. 2d 125, 127 (D. Mass. 2012).

Although Rule 56(c) requires a non-moving party to cite to materials in the record including affidavits and responses to interrogatories, to survive summary judgment, it does not follow

8

that such evidence will necessarily be sufficient. See Am. Speedy Printing Ctrs., Inc. v. AM Mktg., Inc., 69 F. App'x 692, 697 (6th Cir. 2003) (affirming district court's grant of summary judgment to a movant who supported its motion with citations to the record while the non-moving party produced only an "unsupported affidavit" with "<u>no</u> evidence countering [the movant's] documentation in support of its motion for summary judgment" (emphasis in original)); Bright v. Martin, 37 F. App'x 136, 138 (6th Cir. 2002) (affirming district court's grant of summary judgment where the nonmovant prisoner plaintiff filed only an affidavit and unrelated medical records to attempt to establish a genuine dispute issue of material fact); Whitley v. Spencer Cty. Police Dep't, 178 F.3d 1298, 1999 WL 196499, at *3 (6th Cir. 1999) (unpublished table decision) (affirming district court's grant of summary judgment to a defendant where "the objective [evidence at the close of discovery] contradict[ed] plaintiff's self-serving affidavits and conclusory allegations").

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007); see also Skousen v. Brighton High Sch., 305 F.3d 520, 526-28

9

(6th Cir. 2002) (citing Anderson, 477 U.S. at 252) (holding that where the non-moving party has offered only "[a] mere scintilla of evidence" in opposition to a motion for summary judgment, the non-moving party will not overcome the motion for summary judgment). "The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009) (citing Leary v. Livingston Cty., 528 F.3d 438, 443-44 (6th Cir. 2008)).

In the instant case, Plaintiff failed to establish that Defendant made a prohibited phone call to the 6255 number from any number, including the 3474 number. Defendant has submitted independent records from AT&T[3] which demonstrate that Defendant

---

[3] Plaintiff averred in filings, and during the hearing on the instant motion, that the AT&T cellular telephone service records Plaintiff produced during discovery are "unverified third-party . . . records" and that they may or may not be "a complete and accurate record of the calls he received" at the 6255 number between January 1, 2015, and March 30, 2015. (Resp. to SUF ¶ 8, ECF No. 27-2; Min. Entry, ECF No. 32.) Plaintiff's counsel nevertheless agreed that the AT&T cellular phone service records do not include a record of any phone call with the 3474 number as the Originating Number and the 6255 number as the Terminating Number. (See Resp. to SUF ¶¶ 8-9, ECF No. 27-2.) These records were properly authenticated, however, and Plaintiff submits no evidence in support of his allegation that they are incomplete. (See Ex. F, AT&T Records (DISH Subpoena), ECF No. 25-8.) Because "[l]egal memoranda and oral argument are not evidence and do not create issues of fact," Television Events & Mktg., Inc. v. AMCON Distrib., Co., 484 F. Supp. 2d 1124, 1130 n.4 (D. Haw. 2006) (citing British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978)), the Court cannot substantively consider Plaintiff's contention that the record is incomplete.
  Additionally, the Court observes that Plaintiff did not attempt to conduct discovery to uncover whether the phone records were, in fact, complete and accurate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

made no calls to Plaintiff during the time period at issue. Although Plaintiff states under oath that he did, in fact, receive prohibited calls from Defendant, the AT&T phone records "blatantly contradict" Plaintiff's contention. (See ECF No. 25-1 at 3-5 (citing Ex. E, Pl.'s Production of AT&T Records, No. 25-7; Ex. F, AT&T Records (DISH Subpoena), ECF No. 25-8).)[4] Thus, no reasonable jury could find that Defendant made any calls to Plaintiff's 6255 number.[5]

Because "a complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial," the Court need not consider whether Plaintiff gave Defendant permission to make automated calls to his 6255 number. See Celotex, 477 U.S. at 323. Plaintiff has failed to establish an essential element of his TCPA claim and, accordingly, Defendant is entitled to judgment as a matter of law.

---

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").
    [4] While the Court may not weigh evidence or make credibility determinations at the summary judgment stage, it may consider whether objective evidence blatantly contradicts a plaintiff's unsupported assertions. See Scott, 550 U.S. at 380.
    [5] Plaintiff relies on Pratt v. CMRE Fin. Servs., Inc., No. 4:10-CV-2332 (CEJ), slip op. (E.D. Mo. Jan. 11, 2012), and Krapf v. Nationwide Credit, Inc., No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323 (C.D. Cal. May 21, 2010), for the proposition that a nonmovant will survive a summary judgment motion even if he cannot remember exactly when he received prohibited phone calls. In Pratt and Krapf, however, there was documentary evidence demonstrating that the phone calls actually occurred. In the instant case, Plaintiff's declaration not only lacks specificity, but also is wholly unsupported and blatantly contradicted by the documentary evidence.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 25) is GRANTED.

**IT IS SO ORDERED,** this 14th day of July, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE